OPINION
{¶ 1} Plaintiff-appellant Jack Arnold, Jr. appeals from the September 12, 2003, Judgment Entry of the Knox County Court of Appeals, Juvenile Division which modified the amount of child support paid by appellant. Defendant-appellee is Fawnda Bible.
 Statement of the Facts and Case
{¶ 2} Pursuant to a January 13, 1999, Judgment Entry, appellant had been paying $373.83 per month plus processing charges for said minor child. He had also been paying an additional $5.00 per month for child support arrearage created by the retroactive date of the Judgment Entry. On or about March 13, 2002, plaintiff-appellant Jack Arnold received a notice from the Knox County Department of Job Family Services indicating that the Knox County Child Support Enforcement Agency (CSEA) had received a request from defendant-appellee Fawnda Bible to review Appellant's child support obligation for the couple's minor child, Miria.
{¶ 3} On April 9, 2002, a review was conducted. Subsequently, an Administrative Adjustment Recommendation was issued by CSEA.
{¶ 4} Appellant filed a request for an administrative adjustment hearing. That hearing took place on April 30, 2002. On May 30, 2002, an Administrative Adjustment Hearing Decision was issued.
{¶ 5} Thereafter, appellant filed Objections and a Request for a court hearing. As a result, a hearing took place on August 6, 2002. At that court hearing, evidence was heard from the parties as to whether and to what extent appellee was voluntarily unemployed. Testimony was also taken concerning appellee's current day care costs.[1]
{¶ 6} On September 4, 2002, a Magistrate's Decision was issued. In that decision, the Magistrate found that appellee was capable of working twenty hours per week. The Magistrate also found that as a result of such part time employment, appellee would incur resulting child care costs.
{¶ 7} On September 11, 2002, appellant filed a Request for Findings of Fact and Conclusions of Law which resulted in the filing of an Amended Magistrate's Decision on December 19, 2002. Both parties filed Objections to the Magistrate's Decision. On September 12, 2003, the trial court issued a Judgment Entry which overruled most of appellant's Objections.
{¶ 8} It is from the September 12, 2003, Judgment Entry that appellant appeals, raising the following assignments of errors:
 ASSIGNMENTS OF ERROR[2]
{¶ 9} "I. The trial court abused its discretion and erred as a matter of law in failing to rule and/or failing to properly rule on all pending objections.
{¶ 10} "II. The trial court abused its discretion and erred as a matter of law in imputing income to appellee based on only parttime employment and ignoring the factors set forth in the Ohio revised code for determining potential income.
{¶ 11} "III. The trial court abused its discretion and erred as a matter of law in imputing day care costs to appellee both as a matter of law and under the circumstances herein.
{¶ 12} "IV. The trial court abused its discretion and erred as a matter of law in ignoring the stipulations of the parties as to the issues presented for hearing.
{¶ 13} "V. The trial court abused its discretion and erred as a matter of law in adopting findings of fact that were not supported by the evidence presented at hearing.
{¶ 14} "VI. The trial court abused its discretion and erred as a matter of law in adopting conclusions of law that were not supported by the evidence presented at hearing and are contrary to law."
 I
{¶ 15} In his first assignment of error, Appellant argues that the trial court failed to rule on all pending objections. We agree.
{¶ 16} Specifically, appellant claims that the trial court failed to address the objection contained in paragraph 1, which incorporated by reference his objections and supplemental objections to the original Magistrate's Decision of September 4, 2002. Those objections dealt with the Magistrate's determination of the amount of "potential income" as a result of her voluntary unemployment and the imputation of work related day care expenses.
{¶ 17} Civil Rule 53 governs Magistrates' Decisions. It provides that ". . . court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." In Dorton v. Dorton
(May 22, 2000), Delaware App. No. 99CAF11061 and in O'Brien v.O'Brien (June 4, 2003), Delaware App. No. 02 CA-F-08-038, this Court held that because of the language used in Civ.R. 53(E)(4), a trial court is required to specifically rule on objections to a magistrate's decision before adopting, rejecting, or modifying said decision.
{¶ 18} We have reviewed the trial court's Judgment Entry and find that the trial court did not rule on all of appellant's objections, as claimed by appellant. The trial court did not specifically denote in its entry that it had ruled on all the objections set forth in paragraph 1 of appellant's objections. Although the trial court, when ruling on other objections of the appellant, appears to have addressed the substantive issues set forth in appellant's Supplemental Objections to Magistrate's Decision and Objection Number 1 of appellant's Objections to Magistrate's Decision, the trial court does not specifically mention those objections. In addition and of the most significance for purposes of our decision in this case, the trial court failed to rule on the substance of Objection Number 2 of the Objections to the Magistrate's Decision.[3] Thus, because the trial court did not rule on all of the Objections, the Judgment Entry is not a final, appealable order. Kochalko v.Kochalko, Guernsey App. No. 01-CA-23, 2003-Ohio-3082; Wright v.Wright (Sept. 10, 2001), Stark App. No. 2001CA00023, 2001 WL 1769939. Accordingly, this court does not have jurisdiction to hear this appeal. Id.
{¶ 19} The appeal of the decision of the Knox County Court of Common Pleas, Juvenile Division, is dismissed.
Edwards, J.
Gwin, P.J., dissents.
Boggins, J. concurs.
[1] The testimony showed that appellee had no day care expenses at that time.
[2] Local Rule 9(A)(1) requires an appellant to submit a copy of the judgment entry from which the appeal is taken. Appellant's brief does not satisfy the aforementioned requirement; therefore, it is noncompliant. Such a deficiency is tantamount to the failure to file a brief. Although this Court has the authority under App. R. 18(C) to dismiss an appeal for failure to file a brief, we, nonetheless, in the interest of justice, will proceed with consideration of appellant's merit brief.
[3] Objection Number 2 asserts that the Magistrate erred in imputing work related day care expense to appellee for child support calculation purposes when the evidence at trial did not support the imputation. While this issue is quite similar to other issues raised in appellant's other objections, it does address a different aspect of the day care issue.