OPINION
{¶ 1} Defendant-appellant, Stephen R. Triplett, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying his motion "For Determination of Convenient Forum Pursuant to Uniform Jurisdiction Act." For the following reasons, we affirm that judgment.
 {¶ 2} Appellant and appellee, Tina Buzard, are the biological parents of Jacob Triplett. Jacob was born on October 31, 1996. Appellant and appellee were never married, but they lived together in Columbus, Ohio, with Jacob. Sometime after December 2001, appellant moved from Columbus, Ohio, to Portland, Ohio. The parties dispute where and with whom Jacob lived between December 2001 and the summer/fall of 2003. Nevertheless, it is undisputed that Jacob lived with appellee from at least October 2003 until at least June 2004 in Franklin County, Ohio. It is also undisputed that appellant removed Jacob from appellee's household and moved with him to Arkansas in the summer of 2004 where Jacob has lived since that time.
 {¶ 3} On August 18, 2004, appellee filed a complaint to establish custody, companionship, or visitation in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. Appellant has denied that he was ever properly served with the complaint. Nevertheless, appellant filed a "cross complaint" against appellee on October 29, 2004. The trial court conducted a hearing on December 6, 2004. The parties agreed to submit affidavits in support of temporary orders by December 21, 2004. However, on December 14, 2004, appellant dismissed his "cross complaint" and filed a petition for custody in the family court of Benton County, Arkansas. That same day, the Arkansas court granted appellant temporary custody of Jacob.[1]
 {¶ 4} Appellee timely submitted her affidavit in support of a temporary custody order to the trial court in Ohio. Appellant failed to submit an affidavit. On January 31, 2005, a magistrate awarded appellee temporary custody of Jacob. Appellant timely filed objections to the magistrate's decision on the grounds that appellant was never properly served with the complaint and that the custody issue was already pending before the court in Arkansas. On March 11, 2005, the trial court overruled appellant's objections, adopted the magistrate's decision and awarded appellee temporary custody of Jacob. Appellant did not appeal that judgment.
 {¶ 5} On April 26, 2005, appellant filed in the trial court a motion for determination of convenient forum pursuant to the Uniform Jurisdiction Act. Essentially, appellant argued that Arkansas is Jacob's home state and that the trial court in Ohio should decline to exercise jurisdiction over the custody action. The trial court held a hearing on appellant's motion on May 18, 2005. Apparently, neither party requested a court reporter. Therefore, there is no transcript of the proceedings. Following this hearing, the trial court denied appellant's motion and retained jurisdiction over the custody action. The trial court also determined that Ohio is Jacob's home state. Appellant timely filed a notice of appeal from this entry.
 {¶ 6} Appellant assigns the following errors:
[1.] THE TRIAL COURT ERRORED [sic] BY DETERMINING THAT OHIO IS THE HOME STATE OF THE MINOR CHILD.
[2.] THE TRIAL COURT ERRORED [sic] THAT IT COULD PROPERLY RETAIN JURISDICTION CONCERNING ALL MATTERS REGARDING THE MINOR CHILD.
 {¶ 7} Although not raised by either party, we must first determine whether we have subject matter jurisdiction to consider the merits of this appeal. State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544. Subject matter jurisdiction may not be waived or bestowed upon a court by the parties to the case. Id.; State v. Wilson (1995),73 Ohio St.3d 40, 46. It may be raised sua sponte by an appellate court.State ex rel. Wright v. Ohio Adult Parole Auth. (1996),75 Ohio St.3d 82, 84.
 {¶ 8} During oral argument, this court raised the issue of whether the entry from which appellant appeals is a final, appealable order. Section 3(B)(2), Article IV of the Ohio Constitution provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." A final order is statutorily defined by R.C. 2505.02(B)(2) to include "[a]n order that affects a substantial right made in a special proceeding."
 {¶ 9} A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The Supreme Court of Ohio has held that juvenile court proceedings are special proceedings. State exrel. Fowler v. Smith (1994), 68 Ohio St.3d 357, 360; State exrel. Dixon v. Clark Cty. Court of Common Pleas, Juv. Div.
(1995), 103 Ohio App.3d 523, 527; In the Matter of Kinstle
(Mar. 6, 1998), Logan App. No. 8-972-7. Therefore, this action occurred in a special proceeding. However, our inquiry does not end there. We must also determine whether the trial court's entry denying appellant's motion and retaining jurisdiction affected a "substantial right."
 {¶ 10} A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Additionally, to affect a substantial right, the order must "`be one which, if not immediately appealable, would foreclose appropriate relief in the future.'" Jackson v. Herron, Lake App. No. 2004-L-045,2005-Ohio-4039, at ¶ 8, quoting Bell v. Mt. Sinai Med. Ctr.
(1993), 67 Ohio St.3d 60, 63.
 {¶ 11} Here, pursuant to R.C. 3127.21, appellant had a right to file a motion requesting the trial court to decline to exercise jurisdiction because it was an inconvenient forum.[2] In ruling on such a motion, the trial court is required to consider all relevant factors, including eight specific factors set forth in the statute. R.C. 3127.21(B). The trial court's determination is reviewable under an abuse of discretion standard. Harper v. Harper, Franklin App. No. 04AP-685, 2005-Ohio-3989, at ¶ 14 (apply abuse of discretion standard to determination of forum inconvenience under previous statute). Because R.C. 3127.21 grants a party the right to contest the convenience of the forum, that party has a "substantial right" as defined by R.C. 2505.02(A)(1). We also find that the order denying appellant's motion "affects" a substantial right because, if it is not immediately appealable, appellant could not obtain appropriate relief in the future. Once appellant is forced to litigate in a forum he considers inconvenient, appropriate relief on that issue is foreclosed in the future. Therefore, we find that the order at issue here is a final order as defined by R.C. 2505.02(B)(2).
 {¶ 12} Appellant contends in his first assignment of error that the trial court erred by determining that Ohio is Jacob's home state. Determination of the home state is directly relevant to the court's exercise of jurisdiction to make custody findings. This determination requires a trial court to examine a number of factors including the period of time the child resided in Ohio, why the child is absent, the child's and parents' connections with Ohio, and other facts associated with the child's present or future care, protection, training, and personal relationships. R.C. 3109.22.[3]
 {¶ 13} The trial court held an evidentiary hearing on May 18, 2005 to address these issues. Apparently, neither party requested a court reporter. Therefore, there is no transcript of the proceedings. Nor did appellant file a statement of the evidence pursuant to App.R. 9(C). It is the appellant's responsibility to include all of the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. Simmermanv. McCallister, Franklin App. No. 02AP-62, 2002-Ohio-6735, at ¶ 23, quoting Columbus v. Hodge (1987), 37 Ohio App.3d 68, at 68-69. In the absence of a transcript of the hearing or an App.R. 9(C) statement, we have no choice but to presume the validity of the trial court's order. Id.; Dailey v. R J CommercialContracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, at ¶ 20 ("[a]bsent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision"); Maloney v. Maloney (1986), 34 Ohio App.3d 9, at paragraph one of the syllabus ("[w]here a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled"). Therefore, appellant's first assignment of error is overruled.
 {¶ 14} Appellant contends in his second assignment of error that the trial court erred by retaining jurisdiction over this custody dispute. This determination required the trial court to examine all relevant factors including: (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside this state; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation, including the testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation. R.C. 3127.21(B). Again, because appellant did not file a transcript of the hearing or submit a statement of the evidence pursuant to App.R. 9(C), we must presume the validity of the trial court's proceedings and overrule appellant's second assignment of error.
 {¶ 15} Appellee argues that appellant's appeal is frivolous and seeks an award of attorney fees in the amount of $2,500 pursuant to App.R. 23. In support of her request, appellee points solely to appellant's initiation of the proceedings in Arkansas. However, appellant's conduct in connection with the legal action in Arkansas is not a basis upon which we may impose sanctions here. That is an issue for the Arkansas court to resolve. Although we must presume the validity of the proceedings below due to the lack of a transcript or an App.R. 9(C) statement, we decline to find appellant's appeal frivolous.
 {¶ 16} In conclusion, we overrule appellant's first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. We also deny appellee's request for reasonable attorney fees pursuant to App.R. 23.
Judgment affirmed.
Sadler and French, JJ., concur.
[1] The Arkansas action remains pending.
[2] R.C. 3127.21 became effective April 11, 2005, approximately two weeks before appellant filed his motion and approximately five weeks before the trial court conducted the hearing. Pursuant to R.C. 3127.53, the law in effect at the time the motion was filed applies.
[3] At the time appellee commenced this action, R.C. 3109.22
was in effect. Therefore, we apply this statute in determining the trial court's jurisdiction to make the custody determination. R.C. 3127.53 (a child-custody determination is governed by the law in effect at that time).