JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, James W. Critzer (James), appeals the trial court's decision to grant defendant-appellee, Tina Marie Critzer's (Tina), motion to declare Ohio an inconvenient forum and relinquish subject matter jurisdiction and in personam jurisdiction to the Mercer County Court of Common Pleas in Pennsylvania. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On July 1 1998, James filed a complaint for divorce against his wife, Tina. On July 23, 1999, Tina counterclaimed for the same. On December 12, 2000, the trial court issued a judgment entry of divorce which included an order for shared parenting as it pertained to the parties' two minor children. The judgment entry of divorce also ordered the residential parent to file a notice of intent to relocate if and when necessary.
 {¶ 3} On April 14, 2004, Tina filed a notice of intent to relocate to Sharpsville, Pennsylvania, and James filed objections on May 12, 2004. On July 7, 2005, the trial court authorized Tina to relocate with the children on an interim basis. On August 11, 2005, James and Tina entered into an agreed judgment entry changing visitation accordingly.
 {¶ 4} In July, 2007, two years after relocation, James and Tina entered into another agreed judgment entry, authorizing Tina and the children to *Page 3 
permanently relocate to Sharpsville, Pennsylvania. The agreement also altered their visitation schedule as needed.
 {¶ 5} On September 21, 2007, Tina filed a motion to declare Ohio an inconvenient forum and to relinquish jurisdiction, which James opposed on October 22, 2007. On November 7, 2007, the trial court granted Tina's motion without a hearing.
 {¶ 6} In the interim, Tina also filed an action pertaining to the custody of the children in the Mercer County Court of Common Pleas in Pennsylvania. James now appeals, asserting three assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred and abused its discretion by granting Appellee's motion to declare Ohio an inconvenient forum and to relinquish jurisdiction."
 {¶ 7} James argues that the trial court erred when it granted Tina's motion to declare Ohio an inconvenient forum and to relinquish jurisdiction. Prior to addressing the merits of this case, we must first determine whether we have subject matter jurisdiction in the case sub judice.
 {¶ 8} Subject matter jurisdiction may be raised by the parties to the case or otherwise. See Civ. R. 12(H)(3); Ferrar v. Modern Tool andDie (1989), Cuyahoga App. No. 55154. "Even though not asserted, lack of subject matter *Page 4 
jurisdiction may be raised sua sponte by the court at any stage in the proceedings." Sherman v. Burkholder (1994), Cuyahoga App. No. 66600.
 {¶ 9} The Tenth District Court of Appeals found that a trial court order regarding determination of convenient forum "affects a substantial right made in a special proceeding" pursuant to R.C. 2505.02(B)(2) and is thus a final appealable order. See Buzard v. Triplett, Franklin App. No. 05AP-579, 2006-Ohio-1478. We find the same and therefore proceed to address the merits of this appeal.
 {¶ 10} The trial court's decision whether to exercise jurisdiction is reviewed upon an abuse of discretion standard. In the matter ofD.H., Cuyahoga App. No. 89219, 2007-Ohio-4069; see, also, Bowen v.Britton (1993), 84 Ohio App.3d 473. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 11} Regarding continuing jurisdiction, we have held that:
 "Generally, the court in which a custody decree is originally issued retains continuing jurisdiction. A state court that has rendered an initial custody decree has exclusive jurisdiction over any ongoing custody dispute if that state's jurisdictional requirements are met and the state remains the residence of at least one party." In the matter of D.H. at ¶ 13. (Internal citations omitted.) *Page 5 
 {¶ 12} In the case sub judice, neither party disputes satisfaction of Ohio's jurisdictional requirements. At the inception of this case, James and Tina were both residents of Ohio, and Ohio remains James' residence.
 {¶ 13} The Uniform Child Custody Jurisdiction Act (UCCJA), codified at R.C. 3109.21 et seq., was repealed on April 11, 2005, when Ohio enacted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), R.C. 3127.01 et seq. As such, R.C. 3127.21 replaced the former R.C. 3109.25 as it pertains to jurisdiction and inconvenient forum determinations.
 {¶ 14} Furthermore, the UCCJEA is prospective in application. SeeIn the matter of D.H. at _12. Here, Tina filed her motion to declare Ohio an inconvenient forum on September 21, 2007, and therefore the UCCJEA applies in the instant case.
 {¶ 15} However, the trial court applied the UCCJA, specifically R.C. 3109.25, as argued by Tina in her motion to declare Ohio an inconvenient forum and also as argued by James in his brief in opposition. Neither party raised the issue of the trial court's application of UCCJA instead of UCCJEA with the trial court.
 {¶ 16} Tina, although the appellee, raised this issue for the first time on appeal; thus, the issue is waived and is not properly before this court. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention *Page 6 
at a time when such error could have been avoided or corrected by the trial court * * *." State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.
 {¶ 17} Thus, we apply R.C. 3109.25(C) to the case sub judice, which reads as follows:
 "In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:
 (1) If another state is or recently was the child's home state;
 (2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 (3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
 (4) If the parties have agreed on another forum that is no less appropriate."
 {¶ 18} It must be noted that the statute is limited to custody determinations. See Drucker v. Drucker (2000), Cuyahoga App. No. 77601. ("Because a custody matter was not at issue the trial court abused its discretion in transferring the instant case * * *.") Id. at 6. Here, Tina filed a custody related action in the Mercer County Court of Common Pleas in Pennsylvania and thus, the matter falls squarely within the UCCJA. *Page 7 
 {¶ 19} Additionally, in light of the fact Tina filed a custody related action in Pennsylvania, there exists a jurisdictional conflict between Ohio and Pennsylvania requiring resolution. See Mayor v. Mayor (1991),71 Ohio App.3d 789.
 {¶ 20} In applying R.C. 3109.25(C) to the facts of this case, we find that Sharpsville, Pennsylvania has been the home state of the children for more than three years, since relocation in 2005. As such, this case is distinguishable from a recent opinion issued by the Supreme Court of Ohio in which it found that an Ohio court lacked jurisdiction over a custody matter in which a parent and two children resided in Ohio for less than six months. Rosen v. Celebrezze, 117 Ohio St.3d 241,2008-Ohio-853; see, also, R.C. 3127.25.
 {¶ 21} Pursuant to R.C. 3109.25(C), substantial evidence concerning the children's present and future care, protection, training and personal relationships are more readily available in Pennsylvania. The children reside in Pennsylvania with Tina and are enrolled in school and participate in extracurricular activities in Pennsylvania. Further, the children's health care providers practice in Pennsylvania. The guardian ad litem assigned to this case made no objection to the relocation. Pennsylvania clearly has a closer connection with the children and with Tina, a contestant in the case sub judice.
 {¶ 22} James also asserted that Tina is merely forum shopping in order to obtain a better result. However, a review of the docket reveals that James and *Page 8 
Tina, as recently as July 6, 2007, entered into an agreed judgment entry that allowed Tina's permanent relocation with the minor children. As such, James consented to the permanent relocation of Tina and the children, allowing Pennsylvania to become their home state. Thus, it cannot be said that Tina is merely seeking a better result in a different forum because both parties voluntarily entered into the agreed judgment entry permitting her to relocate with the minor children to Pennsylvania.
 {¶ 23} Therefore, we cannot find that the trial court abused its discretion when it granted Tina's motion to declare Ohio an inconvenient forum and to relinquish jurisdiction.
 {¶ 24} James' first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court's decision is against the manifest weight of the evidence."
 {¶ 25} James appealed the trial court's decision to grant Tina's motion to declare Ohio an inconvenient forum.
 {¶ 26} As we already held, the trial court's decision whether to exercise jurisdiction is reviewed upon an abuse of discretion standard and thus, reviewing the trial court's decision upon manifest weight is inappropriate.
 {¶ 27} James' second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE *Page 9 
 "The trial court erred and abused its discretion by granting the appellee's motion to declare Ohio an inconvenient forum and to relinquish jurisdiction without an evidentiary hearing."
 {¶ 28} James argues that the trial court erred when it ruled on Tina's motion to declare Ohio an inconvenient forum and to relinquish jurisdiction without holding an evidentiary hearing.
 {¶ 29} However, neither the UCCJA or UCCJEA require the trial court to conduct an oral hearing on a motion to declare Ohio an inconvenient forum. Civ. R. 7(B)(2) allows the court to rule on motions without conducting an oral hearing and reads as follows:
 "To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." *Page 10 
 {¶ 30} In light thereof, and in light of the fact that James failed to demonstrate otherwise, we can find no evidence in the record that the trial court acted unreasonably, arbitrarily, or unconscionably when it did not hold a hearing on the matter. Additionally, we find no need for a hearing because James consented to the relocation of Tina and the children over one year ago and never requested a hearing in his brief in opposition.
 {¶ 31} James' third assignment of error is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
 JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1