{¶ 12} I concur in the majority's opinion, but write separately to clarify the jurisdictional issue decided today and to provide further analysis of finality where objections to a magistrate's decision remain pending.
 {¶ 13} As the majority states, Civ. R. 53 is clear: trial courts have a mandatory duty to rule upon timely objections to a magistrate's decision. At issue in this appeal is whether the trial court's failure to do so affects finality or whether it is instead a matter of trial court error.
 {¶ 14} Civ. R. 53 provides an express answer to this question where parties have filed objections after the trial court enters judgment on the magistrate's decision. As Civ. R. 53(D)(4)(e)(i) and App. R. 4(B)(2) together explain, an objection filed after judgment is treated as *Page 7 
a post-judgment motion and therefore acts to stay the judgment until ruled upon. Under App. R. 4(B)(2), it is not until the trial court disposes of all objections that appellate courts have jurisdiction to hear the appeal. See, e.g., Daugherty v. Daugherty (Oct. 6, 1999), 9th Dist. No. 98CA0050; AAA Pipe Cleaning Corp. v. Arrow Uniform Rental,Inc. (July 22, 1999), 8th Dist. No. 74215; Drummond v. Drummond, 10th Dist. No. 02AP-700, 2003-Ohio-587, at ¶ 13; McCown v. McCown (2001),145 Ohio App.3d 170, 172.
 {¶ 15} But what Civ. R. 53 does not address, and what is presented in this appeal, is the effect of unresolved objections filedbefore judgment is entered. Many courts in Ohio have considered this issue and have concluded that the trial court's failure to rule upon "pre-judgment" objections does not affect finality, but instead constitutes trial court error. See, e.g., Ferretti v. Graham (Feb. 13, 2001), 10th Dist. No. 00AP-765; Kolman v. Bldg. Works Co., Inc., 8th Dist. No. 80552, 2002-Ohio-3790; Lynch v. Lynch, 12th Dist. No. CA2006-12-145, 2007-Ohio-7083, at ¶ 9; Schmidli v. Schmidli, 7th Dist. No. 02 BE 63, 2003-Ohio-3274; Dorton v. Dorton (May 22, 2000), 5th Dist. No. 99CAF11061. As such, these courts have reversed and remanded the matter to the trial court for the required ruling.
 {¶ 16} Despite these decisions, the majority concludes today, and I agree, that a trial court's failure to rule on pre-judgment objections is a jurisdictional bar to this court's review. This conclusion is compelled by R.C. 2505.02, along with well-settled concepts of finality under Ohio law. As the Supreme Court of Ohio has consistently explained, an action is "determined" under R.C. 2505.02, and therefore final, where the trial court's order "dispose[s] of the whole merits of the cause * * *and leave[s] nothing for the determination of the court." Hamilton Cty.Bd. of Mental Retardation Developmental Disabilities v. ProfessionalsGuild of Ohio (1989), 46 Ohio St.3d 147, 153. Thus, a judgment that leaves issues unresolved and contemplates *Page 8 
further trial court action is not a final, appealable order. State v.Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, at ¶ 20.
 {¶ 17} When applied here, these principles support, and in fact require, our decision today. Because a trial court is obligated to rule on objections, the objections are necessarily part of the "whole merits of the cause." Until resolved, they remain pending for the trial court's determination and therefore prevent finality. See Arnold v. Bible, 5th Dist. No. 03CA000034, 2004-Ohio-4998; Mathers v. Mathers (Mar. 31, 1992), 11th Dist. No. 91-G-1647.
 {¶ 18} Accordingly, I concur in the dismissal of this appeal for lack of jurisdiction.
 *Page 1