[Cite as *Javidan-Nejad v. Navadeh*, 2013-Ohio-931.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97956**

---

## SALVIA JAVIDAN-NEJAD

PLAINTIFF-APPELLANT

vs.

## ALIREZA NAVADEH

DEFENDANT-APPELLEE

---

**JUDGMENT:**
REVERSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-279478

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 14, 2013

**ATTORNEY FOR APPELLANT**

James L. Lane
Hermann, Cahn & Schneider, L.L.P.
1301 East Ninth Street
Suite 500
Cleveland, Ohio   44114


**ATTORNEY FOR APPELLEE**

Gregory J. Moore
Stafford & Stafford Co.
55 Erieview Plaza
5th Floor
Cleveland, Ohio   44114

EILEEN T. GALLAGHER, J.:

**{¶1}** Appellant Salvia G. Javidan-Nejad ("Salvia") appeals the trial court's judgment finding Cuyahoga County to be a convenient forum to hear this child custody case. We find merit to the appeal and reverse the trial court's judgment.

**{¶2}** Salvia was married to appellee Alireza Navadeh ("Alireza") in Tehran, Iran, on January 6, 1996. They had one child born as issue of the marriage, to wit: Reza Safarnavadeh ("Reza"), born July 12, 2000. Salvia filed a complaint for divorce in April 2001, and the Cuyahoga County Domestic Relations Court entered a judgment entry of divorce on May 31, 2001. By agreement of the parties, Salvia was named Reza's residential parent and legal custodian.

**{¶3}** In November 2001, Salvia moved to Michigan with Reza. In July 2002, Salvia and Reza moved to California when Salvia was accepted into an endodontic residency program. Shortly thereafter, Reza moved back to Michigan for two years to live with Salvia's mother while Salvia completed her training. He moved back to California in July 2004 when Salvia completed her residency program. Reza has lived exclusively in California since 2004. During those years, Alireza never sought to have custody of Reza.

**{¶4}** In December 2006, the parties entered into a shared parenting plan. Despite statements to the contrary, Alireza's agreement to this plan constitutes implicit consent to

Reza's California residency. The shared parenting plan contains a provision requiring Salvia to provide Alireza notice of relocation pursuant to R.C. 3109.051(G)(2) anytime she relocates from their California residence.

{¶5} On June 6, 2008, Alireza filed a motion to modify allocation of parental rights and responsibilities. On May 12, 2010, while the motion was still pending, Salvia filed a motion to declare Ohio an inconvenient forum and to transfer jurisdiction to California. The trial court granted the motion, declared Ohio an inconvenient forum, transferred jurisdiction to California, and Alireza appealed. This court reversed the trial court's judgment because: (1) the domestic relations court made its decision without holding a hearing; and (2) there was no evidence in the record that a California court had accepted jurisdiction over the parties' son. *Javidan-Nejad v. Navadeh*, 8th Dist. No. 95406, 2011-Ohio-2283, ¶ 50, 54. ("*Navadeh I*").

{¶6} On remand, the trial court held an evidentiary hearing. This time, the domestic relations court denied Salvia's motion to declare Ohio an inconvenient forum even though the evidence showed that Reza has lived exclusively in California since 2004, Alireza has a substantially larger income than Salvia, there was evidence that a California court had now accepted jurisdiction, and Alireza stipulated to the California jurisdiction. Salvia now appeals, raising three assignments of error.

{¶7} As a preliminary matter, we note that we have jurisdiction to hear this appeal because the trial court's decision declaring Ohio to be a convenient forum is a final, appealable order. This court has previously held that "a trial court order regarding the

determination of convenient forum 'affects a substantial right made in a special proceeding' pursuant to R.C. 2505.02(B)(2) and is thus a final appealable order." *Critzer v. Critzer*, 8th Dist. No. 90679, 2008-Ohio-5126, ¶ 9, quoting *Buzard v. Triplett*, 10th Dist. No. 05AP-579, 2006-Ohio-1478.

**{¶8}** We find Salvia's third assignment of error to be dispositive. Here she argues the trial court abused its discretion in failing to apply the doctrine of judicial estoppel. She contends that Alireza is estopped from seeking jurisdiction in Ohio after he consented to California jurisdiction via a stipulated order filed with the Superior Court of California, Santa Clara County, on March 10, 2011. We agree.

**{¶9}** The trial court has discretion to decide whether to exercise jurisdiction, and we will not reverse such a decision absent an abuse of discretion. *Navadeh I* at ¶ 35, citing *In re D.H.*, 8th Dist. No. 89219, 2007-Ohio-4069. A court abuses its discretion when it bases its decision on an incorrect view of the law or a clearly erroneous assessment of the evidence. *Kerobo v. S.W. Clean Fuels, Corp.*, 285 F.3d 531, 533 (6th Cir.2002), quoting *United Food & Commercial Workers Union, Local 1099 v. S.W. Ohio Regional Transit Auth.*, 163 F.3d 341, 347 (6th Cir.1998).

**{¶10}** At the hearing, Salvia testified that she filed a petition to settle the parties' custody issues with the Superior Court of California, Santa Clara County. Alireza acknowledged on cross-examination that he appeared before the California court on two occasions, in December 2010 and January 2011. (Tr. 187-188.) Although he did not have counsel in California, he was represented by counsel in Ohio. The California court

set the matter for a final hearing in May 2011. In February 2011, Alireza contacted Salvia's lawyer in California and indicated a desire to settle the custody and visitation issues. Salvia's California attorney drafted a proposed "Stipulation and Order on Custody," which states:

> The parties stipulate as follows:
>
> 1. Mother is awarded sole legal and sole physical custody of the minor child, Reza Safarnavadeh (d.o.b. July 12, 2000).
>
> 2. If Father desires to have visitation with Reza, he will contact Family Court Services to work out a visitation schedule. No visitation shall take place without a mutually agreeable schedule in writing, or a court order.
>
> 3. All existing court dates are vacated.
>
> It is so stipulated.

Alireza testified that he signed the stipulation before a notary public in Cleveland, Ohio, three months before the next scheduled hearing in California. (Tr. 192.)

{¶11} Having submitted to the jurisdiction of the California court and having stipulated to an order on custody in that court, Alireza is barred by the doctrine of judicial estoppel from pursuing custody issues in Ohio. In *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, the Ohio Supreme Court held that the doctrine of judicial estoppel prohibits a party from taking a position inconsistent with one unequivocally asserted by the same party in a prior proceeding. *Id.* at ¶ 25, citing *Griffith v. Wal-Mart Stores, Inc.,* 135 F.3d 376, 380 (6th Cir.1998). The court explained that the purpose of judicial estoppel is "to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success

on one position, then arguing the opposing to suit an exigency of the moment." *Greer-Burger* at ¶ 25. In order for the doctrine to be applied, the party must show that her opponent "(1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Id.*

{¶12} Here, Alireza voluntarily signed the stipulation and order on custody before an Ohio notary and sent it to Salvia's lawyer for filing in the California court. Although he claims he signed it under duress, he admitted that he signed it three months before the next scheduled hearing in California. He also admitted that he had retained Ohio counsel, with whom he could have consulted before signing the stipulation. There was no urgency or duress under these circumstances.

{¶13} Furthermore, the California court accepted his stipulation and thereby asserted its jurisdiction over the matter. Alireza's argument that Ohio should have jurisdiction and that the stipulation he signed is meaningless is precisely the "cynical gamesmanship" judicial estoppel is aimed at preventing.

{¶14} The third assignment of error is sustained.

{¶15} Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR