[Cite as *In re C.S.*, 2014-Ohio-2400.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100470, 100471, 100506, 100507**

# IN RE: C.S., ET AL.
# Minor Children

## [Appeal by: N.B., Mother, and E.S., Father]

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 11918529 and AD 11918530

**BEFORE:** Rocco, P.J., Keough, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT MOTHER N.B.**

Robert L. Tobik
Cuyahoga County Public Defender

By:   John T. Martin
         Lisa Rankin
Assistant Public Defenders
310 Lakeside Ave., Suite 200
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLANT FATHER E.S.**

Jeffrey R. Froude
P.O. Box 771112
Lakewood, Ohio 44107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Nicole A. Raimo
Assistant Prosecuting Attorney
Cuyahoga County Division of Children and Family Services
4261 Fulton Parkway
Cleveland, Ohio   44144

**GUARDIAN AD LITEM FOR C.S. AND A.S.**

Irina Vinogradsky
Law Offices of Irina Vinogradsky
27600 Chagrin Blvd., Suite 420
Woodmere, Ohio 44122

KENNETH A. ROCCO, P.J.:

{¶1}   In this consolidated appeal, defendant-appellants N.B., the mother, and E.S., the father, of two minor children, C.S. and A.S., appeal the trial court's decision denying their joint motion to declare Ohio an inconvenient forum for the permanent custody proceedings in this matter.   We find merit to the appeal and reverse the trial court's decision.

{¶2}   In May 2011, the mother relocated to Ohio from Tennessee with her two children, C.S. and A.S.   At that time, the father resided in Tennessee and has continued to reside in Tennessee.   On October 19, 2011, the mother was arrested and charged with two counts of child endangering after she was found passed out and intoxicated in her car.   A.S. (who was then two years old) was found asleep in the car.   C.S. (who was then four years old) was found walking down the street with another young child.

{¶3} On October 21, 2011, plaintiff-appellee the Cuyahoga County Division of Children and Family Services ("CCDCFS") filed a complaint for abuse, neglect, and temporary custody, and the children were placed in emergency temporary custody.   The parents admitted to an amended complaint, and on December 15, 2011, the children were adjudged neglected.   On April 16, 2012, the children were committed to the temporary custody of CCDCFS.   Several months later, in July 2012, the children were placed with their maternal grandparents in Tennessee.   The children have resided with their grandparents in Tennessee since that time.   On February 28, 2013, CCDCFS filed a motion for permanent custody of the children.   In April 2013, the mother moved back to Tennessee.

**{¶4}** On May 29, 2013, the mother, the father, and the guardian ad litem for the children filed a joint motion to declare Ohio an inconvenient forum, to stay the current proceedings, and to transfer the case to Tennessee pursuant to R.C. 3127.21. The parties argued that because the mother, father, children, and maternal grandparents (who had expressed a desire to adopt the children) all resided in Tennessee, Ohio was an inconvenient forum for the permanent custody proceedings, and the action should, therefore, be stayed on the condition that custody proceedings be filed in Tennessee. Appellants also argued that Tennessee was a more convenient forum for the action because (1) CCDCFS cannot offer the parents any services in Tennessee, (2) Tennessee's Department of Children's Services is familiar with the case, having provided a social worker to facilitate and monitor the parents' visitation with the children in Tennessee, and (3) transfer could facilitate the grandparents' adoption of the children under Tennessee law. The guardian ad litem also supported the motion, arguing that a guardian ad litem needs to be able to personally meet with and observe the interaction between the parents, the children, and the proposed custodians in order to make a proper recommendation regarding what is in the best interests of the children.

**{¶5}** CCDCFS opposed the motion. In its opposition, CCDCFS argued that Ohio should not be declared an inconvenient forum because: (1) no one had initiated or had ever expressed an interest in initiating child custody proceedings in Tennessee, (2) all of the providers who had attempted to provide reunification services to the mother (from May 2011 until the mother moved back to Tennessee in April 2013) were located in

Cuyahoga County, Ohio, and (3) transfer of the case would not be in the best interests of the children because it would delay permanency.

**{¶6}** Prior to ruling on the motion, the magistrate held a hearing at which the parties presented their arguments. The magistrate also attempted to set up a telephonic hearing with the presiding judge of the Juvenile Court of Knox County, Knoxville, Tennessee to discuss the matter. The Tennessee judge declined to participate in the requested hearing because no action was then pending in the Knox County Juvenile Court.

**{¶7}** On July 31, 2013, the magistrate issued an order denying appellants' motion, concluding that Cuyahoga County was the "more convenient forum" for the permanent custody proceedings. Although the magistrate acknowledged in his decision that the Juvenile Court of Knox County, Knoxville, Tennessee "has refused both jurisdiction and [a Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")] hearing," he indicated that his decision was made "[i]rrespective of the denial by Tennessee, based upon the 8 statutory factors listed in R.C. 3127.21(B)."

**{¶8}** Both the mother and father filed objections to the magistrate's decision. On September 9, 2013, the trial court entered an order overruling the parties' objections and affirming, approving, and adopting the magistrate's decision. The trial court concluded that "the [m]agistrate performed a lawful and thorough analysis of the UCCJEA in making his decision to deny the request to transfer this case to Tennessee" and did "not

find any error in [the magistrate's] assignment of weight to the statutory factors nor his determination that jurisdiction remain in Cuyahoga County in the State of Ohio."

{¶9} Both the mother and father appealed, each presenting a single assignment of error for review. The mother's assignment of error states:

> The juvenile court erred when it denied the motion to declare Ohio an inconvenient forum.

The father's assignment of error states:

> The trial court erred in overruling defense Motion to find Cuyahoga County *forum non conveniens* in an ongoing Juvenile Division case in which the Division of Children and Family Services moved for permanent custody. The children, the father, the grandparents and even the mother at present are all residents of Tennessee. In so ruling the trial court misapplied the relevant factors of [R.C. 3127.21] and *Chambers v. Merrell-Dow Pharmaceuticals, Inc.,* 35 Ohio St.3d 123 (1988).

{¶10} As a preliminary matter, we note that we have jurisdiction to hear this appeal because the trial court's decision declaring Ohio to be a convenient forum is a final, appealable order. This court has previously held that "'a trial court order regarding the determination of convenient forum "affects a substantial right made in a special proceeding" pursuant to R.C. 2505.02(B)(2) and is thus a final appealable order.'" *Javidan-Nejad v. Navadeh*, 8th Dist. Cuyahoga No. 97956, 2013-Ohio-931, ¶ 7, quoting *Critzer v. Critzer*, 8th Dist. Cuyahoga No. 90679, 2008-Ohio-5126, ¶ 9, quoting *Buzard v. Triplett*, 10th Dist. Franklin No. 05AP-579, 2006-Ohio-1478.

{¶11} Turning to the merits of this appeal, appellants argue that the trial court abused its discretion in refusing to declare Ohio to be an inconvenient forum in which to hear this case. We review a trial court's decision whether to decline to exercise its

jurisdiction on forum non conveniens grounds under R.C. 3127.21 for abuse of discretion. *See, e.g., Buzard* at ¶ 11; *White v. Ritchey*, 7th Dist. Mahoning No. 12 MA 98, 2013-Ohio-4164, ¶ 12, citing *In re N.R.*, 7th Dist. Mahoning No. 09-MA-85, 2010-Ohio-753, ¶12; *Walter v. Liu*, 193 Ohio App.3d 185, 2011-Ohio-933, 951 N.E.2d 457, ¶ 12 (8th Dist.). Likewise, we review a trial court's decision to adopt a magistrate's decision for abuse of discretion. *In re A.L.*, 8th Dist. Cuyahoga No. 99040, 2013-Ohio-5120, ¶ 10, citing *Dancy v. Dancy*, 8th Dist. Cuyahoga No. 82580, 2004-Ohio-470, ¶ 10.

{¶12} Pursuant to R.C. 3127.21(A), an Ohio court that has jurisdiction to make a child custody determination "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum." Prior to making this determination, the trial court must consider "all relevant factors," including: (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside Ohio; (3) the distance between the court in Ohio and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation, including the testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each

state with the facts and issues in the pending litigation.  R.C. 3127.21(B).  R.C. 3127.21(B) is mandatory; the trial court "must consider the factors listed in the statute" in determining whether it is an inconvenient forum.  *Witt v. Walker*, 2d Dist. Clark No. 2012-CA-58,  2013-Ohio-714, ¶ 22.

{¶13} If an Ohio court determines that it is an inconvenient forum and that a court of another state is a "more appropriate forum" to hear a custody case, R.C. 3127.21(C) provides that the Ohio court "shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state" and "may impose any other condition the court considers just and proper."

{¶14} The magistrate's decision states that "the court considered all mandatory relevant factors" pursuant to R.C. 3127.21(B) and found (1) the nature and location of the evidence required to resolve the pending litigation, R.C. 3127.21(B)(6), and (2) the familiarity of the court of each state with the facts and issues in the pending litigation, R.C. 3127.21(B)(8), to be the factors most "critical and dispositive" to the case.  As the magistrate explained in his decision:

> In this case, the CCDCFS has nearly two years of evidence accumulated and Tennessee has not had direct involvement with the case. * * * In this case, the home Court has been monitoring the case for nearly two years and the Tennessee Court has had no involvement in the matter, with one exception based upon this Court's attempt to set up a telephonic hearing between the two jurisdictions.  This Magistrate discussed the motion with the presiding judge for Knoxville County Tennessee who had declined a telephonic hearing and jurisdiction of the matter since Tennessee['s] cour[t] has no involvement in the matter.

{¶15} The magistrate rejected appellants' arguments that Tennessee was a more appropriate forum because the adoption of the children would occur in Tennessee and that CCDCFS could not provide services to the parents in Tennessee, concluding that CCDCFS could facilitate an out-of-state adoption and that "[t]he issue of reasonable services is an issue * * * [related to] permanent custody * * * not R.C. 3127.21." The magistrate likewise rejected the parties' arguments related to the guardian ad litem's investigation, concluding that the guardian ad litem could "discharge her duties in a reasonable manner given the distance between the states" by relying on an out-of-state home investigation and communicating with the children, parents, and potential custodians by telephone or other means of communication, such as Skype. The magistrate reasoned that the "harm caused by the Tennessee Court not having two years['] worth of testimony from Cuyahoga County case workers [far] outweighs the benefit gained from a local [g]uardian ad [l]item appointment."

{¶16} Appellants contend that the magistrate's decision was based on the faulty "assumption that the Tennessee court had already declined jurisdiction over the case" and that the magistrate either ignored or failed to give sufficient weight to the most relevant statutory factors in determining that Ohio was the "more convenient forum" for this action. Appellants' arguments have merit.

{¶17} Contrary to the magistrate's findings, the Tennessee judge's refusal to participate in the teleconference requested by the magistrate did not constitute a "refusal" or "denial" of "jurisdiction" by the Tennessee court. The Tennessee judge reasonably

refused to participate in a teleconference related to a case in another jurisdiction, in which he had no involvement, given that no action had yet been filed in the Knox County Juvenile Court. That an action has not yet been filed in Tennessee is not determinative of whether Ohio is an inconvenient forum. R.C. 3127.21(C) provides that if an Ohio court determines that it is an inconvenient forum and that a court of another state is a more appropriate forum to hear a custody case, the Ohio court "shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state." If such proceedings are not promptly commenced in the other designated state, the stay may be lifted and the proceedings continued in the Ohio court.

{¶18} With respect to the magistrate's consideration of the relevant statutory factors, we find that the magistrate placed undue emphasis on the location of CCDCFS witnesses and the fact that the Ohio court has been "monitoring the case for nearly two years" and unreasonably ignored other, more relevant facts in determining that Ohio was the "more convenient forum" for the permanent custody proceedings in this case.

{¶19} This case involves the future of two young children who live in Tennessee, who have spent most of their lives in Tennessee, who attend or will attend school in Tennessee, and whose parents and family, including the grandparents who have expressed an interest in adopting them, all live in Tennessee. With the exception of CCDCFS personnel involved in the case and the current guardian ad litem, all of the parties and potential witnesses — both parents, the children, the grandparents, and Tennessee

Children's Services personnel familiar with the case — are in Tennessee. R.C. 3127.21(C)(6). The determination of the permanent custody of these children will most affect, and be most affected by, people and resources in Tennessee. Although the magistrate cited the "harm caused by the Tennessee Court not having two years['] worth of testimony from Cuyahoga County case workers" as one of the primary reasons for denying appellants' motion, there is nothing in the record that suggests that this evidence would not be available to the Tennessee court if Tennessee were determined to be a more convenient forum for the permanent custody proceedings. Further, although CCDCFS representatives may have first-hand knowledge regarding events that occurred before the mother moved to Tennessee in April 2013, the record reflects that, since that time, CCDCFS has relied on information obtained from the Tennessee social worker who is monitoring the case. The fact that CCDCFS representatives in Ohio may have information relevant to the permanent custody proceedings does not override all other relevant factors in determining whether Ohio or Tennessee is the more convenient forum. Likewise, although there are certainly benefits to having a court familiar with a case continue handling that case, there is nothing that suggests that the history or facts of this case are so complex or unusual that the benefits associated with continuing proceedings in Cuyahoga County can be said to outweigh the burdens associated with litigating a custody matter in an otherwise inconvenient forum. R.C. 3127.21(B)(8).

{¶20} With respect to the remaining factors specified in R.C. 3127.21(B), the children have spent most of their lives in Tennessee, either with their parents (before their

mother moved them briefly to Ohio), or their grandparents, following placement by CCDCFS. R.C. 3127.21(B)(2). As to the distance between the Cuyahoga County Juvenile Court and the court in Tennessee that would assume jurisdiction, R.C. 3127.21(B)(3), the evidence in the record is that the distance between the Ohio court and the parties' residences in Tennessee is approximately ten hours' driving time, i.e., ten hours' driving time for each of the parents, grandparents, and children to attend any proceedings in the case and ten hours' driving time if the guardian ad litem sought to personally interview the parents, children, or prospective custodians. Although the magistrate downplayed the importance in-person visits by the guardian ad litem, suggesting that telephone or Skype communications would be adequate for the guardian ad litem to complete her investigation and to make her recommendation regarding what is in the best interests of the children, reliance on electronic communications is not a preferred method of observing interactions and communicating with young children, particularly young children who do not know the guardian ad litem. R.C. 3127.21(B)(3), (6). As to the relative financial circumstances of the parties, R.C. 3127.21(B)(4), it is undisputed that the parents and grandparents have limited financial resources and that the time away from work and expense necessary to travel to Ohio from Tennessee (and back again) would impose a financial hardship on them. Both parents and the guardian ad litem agree that Tennessee should assume jurisdiction; only CCDCFS objects. R.C. 3127.21(B)(5). As to the ability of the court of each state to expeditiously decide the issues in this case and the availability of procedures necessary to

present the evidence, R.C. 3127.21(B)(7), there is nothing in the record to suggest that the Tennessee court could not handle this case expeditiously or lacks the procedures necessary for the presentation of relevant evidence.[1]

{¶21} Further, R.C. 3127.21(B) requires that the trial court consider not only the factors specifically identified in the statute but "all relevant factors" in determining whether Ohio is an inconvenient forum. We believe that in a case such as this, the availability of services for the parents is an additional "relevant factor" to be considered in evaluating which state is a more convenient forum. In this case, given that both parents now reside in Tennessee, that factor favors Tennessee.

{¶22} Upon a careful review of the record, we find that the trial court abused its discretion in concluding that Ohio was a more convenient forum to hear this case than Tennessee. Accordingly, we reverse the trial court's decision. The case is remanded to the trial court to enter an order staying proceedings in this case, in accordance with R.C. 3127.21(C), on the condition that a permanent custody proceeding be promptly commenced in Tennessee.

{¶23} Judgment reversed and remanded.

It is ordered that appellants recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1]R.C. 3127.21(B)(1), involving issues relating to domestic violence, is not applicable in this case.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR