WALTER, Appellee,

v.

LIU, Appellant, et al.

[Cite as *Walter v. Liu*, 193 Ohio App.3d 185, 2011-Ohio-933.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95033.

Decided March 3, 2011.

Taft, Stettinius & Hollister, L.L.P., and Jill Friedman Helfman, for appellee.

Morganstern, MacAdams & DeVito Co., L.P.A., Pamela J. MacAdams, and Lynn B. Schwartz, for appellant.

PATRICIA ANN BLACKMON, Presiding Judge.

{¶ 1} Appellant, Betty W. Liu, appeals the trial court's denial of her motion to declare the state of Ohio an inconvenient forum and relinquish jurisdiction to the state of New Jersey. Liu assigns the following errors for our review:

I. The trial court erred to the prejudice of Defendant–Appellant in overruling her motion to declare Ohio an inconvenient forum and relinquish jurisdiction.

II. The trial court erred to the prejudice of Defendant–Appellant in overruling her motion to declare Ohio an inconvenient forum and to relinquish jurisdiction without following the mandates of Ohio Civil Rule 53.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 3} Appellee, Benjamin L. Walter, and Liu were married on September 14, 2002. On July 21, 2004, twin boys, Dylan and Zachary, were born as issue of the marriage. On September 20, 2006, Walter filed for divorce. Prior to the filing, Liu and the twins moved to Hong Kong and remained there until August 2007. On April 23, 2008, the trial court issued a judgment entry of divorce that included a shared-parenting plan. The plan awarded primary residential custody to Liu, who, by then, was living in New Jersey.

{¶ 4} On October 4, 2009, Liu filed an order to show cause and a verified complaint seeking to register the Ohio final judgment of divorce in New Jersey family court and for permission to take the minor children to Hong Kong for her wedding. Walter consented to the registration of the Ohio divorce decree in New Jersey and gave permission for the children to travel to Hong Kong for their mother's wedding.

{¶ 5} In addition, Liu sought a determination of the standards for future foreign travel with the children, specifically, the ability to travel internationally with the twins without Walter's prior consent or approval. Further, Liu sought commencement of mediation in New Jersey and also attorney fees.

{¶ 6} On January 21, 2010, the New Jersey court denied Liu's application to set standards and requirements relative to the children's future foreign travel with their mother. In denying Liu's request, the New Jersey Court stated as follows:

The Court finds that it has the power to enforce and to interpret the meaning of the Shared Parenting Plan. However, the Court does not have the power to set standards in addition to those which already exist in the parties' Shared Parenting Plan. Setting standards would be a modification of the Shared Parenting Plan, which is a violation of N.J.S.A. 2A:34–67. Moreover, while the Court has the power to interpret the agreement, any declaration of a future interpretation of the Agreement would be an impermissible advisory opinion.

{¶ 7} The New Jersey court found that it had the power to enforce the mediation provision and ordered Liu and Walter to submit to mediation on the issue of the children's future foreign travel.

{¶ 8} On January 25, 2010, Liu filed a motion in Cuyahoga County Domestic Relations Court to declare Ohio an inconvenient forum and to relinquish jurisdiction to New Jersey. On March 1, 2010, Walter filed motions for clarification and for modification of the shared-parenting plan.

{¶ 9} On March 30, 2010, the trial court denied Liu's motion to declare Ohio an inconvenient forum and to relinquish jurisdiction to the state of New Jersey. On April 13, 2010, Liu filed motions for relief from judgment and for reconsideration

of the trial court's decision. On the same date, Liu filed a second motion to declare Ohio an inconvenient forum and to relinquish jurisdiction to New Jersey.

{¶ 10} On April 27, 2010, Liu filed a notice of appeal of the trial court's denial of her first motion to declare Ohio an inconvenient forum. On June 23, 2010, the trial court dismissed, without prejudice, Walter's motion for clarification and modification of the shared-parenting plan.

## Inconvenient Forum

{¶ 11} In the first assigned error, Liu argues that the trial court erred when it denied her motion to declare Ohio an inconvenient forum and relinquish jurisdiction to the state of New Jersey.

{¶ 12} The trial court's decision whether to exercise jurisdiction is reviewed upon an abuse-of-discretion standard. *In re D.H.*, Cuyahoga App. No. 89219, 2007-Ohio-4069, 2007 WL 2269705; see also *Bowen v. Britton* (1993), 84 Ohio App.3d 473, 616 N.E.2d 1217. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 13} The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Ohio in R.C. 3127.01 through 3127.53, was drafted to avoid jurisdictional conflicts and competition between different states with regard to child-custody litigation. *In re N.R.*, 7th Dist. No. 09 MA 85, 2010-Ohio-753, 2010 WL 708987. The intent of the UCCJEA was to ensure that a state court would not exercise jurisdiction over a child-custody proceeding if a court in another state was already exercising jurisdiction over the child in a pending custody proceeding. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 20–21. Over 40 states, including Ohio and New Jersey, have adopted the UCCJEA.

{¶ 14} In the instant case, Liu contends that the trial court ignored the statutory factors set forth in R.C. 3127.21 when it denied her motion to declare Ohio an inconvenient forum. That statute reads:

(A) A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.

(B) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to

exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including the following:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

{¶ 15} In denying Liu's motion, the trial court stated as follows:

The Court recognizes that the minor children, Dylan and Zachary (DOB 07/21/2004), have spent a limited amount of time in the State of Ohio, but the parties have a history with this court and have recently litigated several matters in this state. The current parenting issues are such that can be litigated anywhere and thus do not require extensive evidence that might only be located in New Jersey where the minor children currently reside. Additionally, there is a disparity in the parties' financial circumstances.

■ {¶ 16} Liu largely argues that the children's residence is dispositive of the convenience issue. While we agree that the statute requires a trial court to consider the child's home state, as well as the location of any evidence required to resolve the pending litigation, these are only two of eight considerations given equal weight pursuant to the statute. It is clear from the record that the trial court considered all of the factors listed in R.C. 3127.21, but afforded greater weight to its own familiarity with the case.

{¶ 17} Here, given the narrow question to be determined, specifically, whether Liu should have the ability to travel internationally with the twins without Walter's prior consent or approval, the trial court correctly found that this issue could be litigated anywhere. Ultimately, the trial court determined that retaining jurisdiction did not pose an inconvenience.

{¶ 18} While it is true that certain enumerated factors favored New Jersey as a more convenient forum, and others favored Ohio as more convenient, the trial court acted within its discretion in weighing the factors. Liu has not pointed to any evidence in the record to demonstrate that the trial court's decision to retain jurisdiction over this case is arbitrary, unreasonable, or unconscionable. Accordingly, we overrule the first assigned error.

## Civ.R. 53 Violation

{¶ 19} In the second assigned error, Liu argues that the trial court violated Civ.R. 53 by deciding the issue without a magistrate's decision.

{¶ 20} Civ.R. 53 governs magistrates' decisions. It provides that "the court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." *Arnold v. Bible*, 5th Dist. No. 03CA000034, 2004-Ohio-4998, 2004 WL 2260696.

{¶ 21} In the instant case, although Liu contends that she was denied the opportunity to present objections to a magistrate's decision and to have the court make an independent review, we see no violation of Civ.R. 53. The record indicates that pursuant to stipulations by the parties, the matter was considered without an evidentiary hearing. The trial court's journal entry states as follows:

This matter came before the court upon Defendant's Motion to Declare Ohio an Inconvenient Forum and to Relinquish Jurisdiction # 293824, that was filed January 25, 2010. The parties have stipulated that the court may reach a decision in this matter on the basis of the materials presented and the arguments made, without an evidentiary hearing.

{¶ 22} Here, given that the parties stipulated that the matter could be decided without an evidentiary hearing, there was no need for a magistrate's decision or report; thus Civ.R. 53 did not apply. Accordingly, we overrule the second assigned error.

Judgment affirmed.

STEWART and JONES, JJ., concur.