[Cite as *In re A.O.*, 2021-Ohio-880.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

In re A.O.                                         Court of Appeals No. OT-20-020

                                                   Trial Court No. 2018-JUV-284
A.N.

       Appellant

v.

 J.S.                                          **DECISION AND JUDGMENT**

       Appellee                              Decided:  March 19, 2021

* * * * *

Michael R. Bassett, for appellant.

Ali A. Nour, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, A.N., from the September 18, 2020 judgment of the Ottawa County Court of Common Pleas, Juvenile Division, transferring jurisdiction of the case to the Court of Common Pleas of Allegheny County, Pennsylvania.  For the reasons that follow, we affirm the judgment of the trial court.

**{¶ 2}** Appellant sets forth the following assignment of error:

1. Did the trial court deny Appellant due process of law when it rendered a decision which failed to state any reason for transferring jurisdiction, nor any evidence of consideration of the factors under 3127.21 ORC?

**Facts and Procedural History**

**{¶ 3}** The parents in this case are A.N. ("Mother"), and J.S. ("Father"). The child, A.O. ("Child"), was born in April 2005. He is now almost sixteen years of age. This case originated when Mother filed a petition for custody on May 25, 2018, in Ottawa County Juvenile Court; however, the parents have filed in multiple courts, in various jurisdictions, since Child's birth. Mother attached to her petition an order from the Superior Court of California, dated March 20, 2018, which stated that the parents have "joint custody" of Child and that Mother was granted physical custody of Child, with Child primarily residing with Mother. The California court granted Mother until mid-June of 2018 to have the California case transferred to Ottawa County, Ohio, where she had recently located.

**{¶ 4}** Prior to the California order, in 2007, the parents were granted shared custody of Child through a court in Pennsylvania. From Pennsylvania, the parents moved, together, to North Carolina. In the fall of 2010, Mother sought a civil protection order from Father, in North Carolina. The North Carolina court granted a temporary protection order, which granted Mother temporary custody of Child and designated

2.

Mother as the protected party from Father. A final order was never issued in that case, however, because Father was never properly served.

{¶ 5} The Ottawa County court agreed to accept the California case concerning Child's care and custody, because Mother and Child had lived in Ottawa County since February of 2018 and Father lived in Pennsylvania. As neither parent nor Child lived in California, it was determined that the distance for travel of Child, parties, and witnesses to California would be cumbersome and expensive.

{¶ 6} The Ottawa County court noted that the parents had divergent stories concerning events that occurred after late 2010, when the two separated. Mother claimed that Father fled North Carolina to avoid being served and having to participate in the protection order hearing. The North Carolina court did issue a warrant for Father at one point. Father, for his part, asserts that Mother moved abruptly from North Carolina, taking Child with her, and that she hid Child from him for years. While there is evidence that Mother moved multiple times, there was never any conclusive evidence to show that she intentionally hid Child from Father. The Ottawa County court acknowledged that it "never completely sorted out the truth of those years" and repeated conclusions by the guardian ad litem that there were both "truths to each parent's story" and "concerns with each parent's version of the facts."

{¶ 7} In July 2017, Pennsylvania again became involved, when the Court of Common Pleas of Allegheny County ordered Father to return Child to Mother. The

3.

Pennsylvania court later transferred the matter to the California court, and the California court, in June 2018, transferred the case to Ottawa County.

{¶ 8} The Ottawa County court appointed the guardian ad litem to represent Child and to investigate each parent, "due to the variety of allegations by each parent." On August 17, 2018, the court placed Child in the temporary custody of Father, who lived in Pennsylvania, and ordered Mother to have extensive parenting time, including every other weekend, despite the fact that the parents lived approximately three hours driving distance apart.

{¶ 9} Soon after, Father filed a motion to suspend Mother's parenting time. That motion was denied. The parents reached a long-term agreement on November 22, 2019, which was journalized on November 26, 2019. The court's order granted Father legal custody and granted Mother regular, ongoing, unsupervised parenting time. Less than three months later, Father filed a motion to transfer this case to Pennsylvania. The court rendered its decision recommending transfer of the case to Allegheny County, Pennsylvania, via a magistrate's decision, on August 3, 2020. Mention was made in the decision that Mother had moved approximately 15 to 20 miles away to Erie County, Ohio, and that, as a result, neither parent currently lives in Ottawa County. Mention was also made of the fact that Child currently attends school in Pennsylvania and that all of Child's other relatives live outside of Ottawa County.

{¶ 10} Mother filed her objections to the magistrate's decision on August 17, 2020. The guardian ad litem filed a response to Mother's objections on August 20, 2020,

4.

and Father filed his reply to Mother's objections on September 4, 2020. On September 18, 2020, the trial court judge, adopting the magistrate's decision, entered a judgment entry ordering transfer of the case to Pennsylvania.

## Analysis

{¶ 11} Mother argues that "neither the magistrate's decision nor the ruling on the magistrate's objections were supported by credible, competent evidence, nor any evidence of the consideration of factors under 3127.21 ORC."

{¶ 12} We review the trial court's determination using the abuse of discretion standard. *Kemp v. Kemp*, 5th Dist. Stark No. 2010-CA-00179, 2011-Ohio-177. "Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is arbitrary, unreasonable, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A reviewing court will not overturn a custody determination unless the trial court has acted in a manner that is arbitrary, unreasonable, or capricious." *Pater v. Pater*, 63 Ohio St.3d 393, 396, 588 N.E.2d 794 (1992).

{¶ 13} R.C. 3127.21 permits a court to transfer jurisdiction to a court of another state if it determines that the Ohio court is an inconvenient forum and that the other state is a more convenient forum. R.C. 3127.21(A). R.C. 3127.21(B) requires the court, before deciding whether it is an inconvenient forum, to determine whether a court of another state may appropriately exercise jurisdiction. In doing so, the court "shall

5.

consider all relevant factors," including those factors that are enumerated in the statute, as follows:

> (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) The length of time the child has resided outside this state;
>
> (3) The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;
>
> (5) Any agreement of the parties as to which state should assume jurisdiction;
>
> (6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;
>
> (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
>
> (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

R.C. 3127.21(B). The law is clear that a court acts within its discretion when it weighs the factors. *See Walter v. Liu*, 193 Ohio App.3d 185, 2011-Ohio-933, 951 N.E.2d 457, ¶ 18 (8th Dist.). In addition, in the absence of evidence to the contrary, a reviewing court will presume that a trial court considered the statutory factors. *Witt v. Walker*, 2d Dist. Clark No. 2012-CA-58, 2013-Ohio-714, ¶ 23. Where a trial court never mentions the

6.

statute in its judgment entry, such "is concerning" to a reviewing court, but it "is by no means dispositive." *See Simon v. Simon*, 9th Dist. Summit No. 25933, 2012-Ohio-3443, ¶ 9. Finally, where the statutory factors give little guidance, a court acts within its discretion by relying on other relevant factors. *See In re N.A.E.*, 2d Dist. Montgomery No. 21596, 2006-Ohio-5395, ¶ 7.

{¶ 14} In conducting this analysis, we are mindful that "[t]he discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *Pater v. Pater*, 63 Ohio St. 3d 393, 396, 588 N.E.2d 794 (1992). "The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. *Id.*

{¶ 15} Here, it can be gleaned from the record that the trial court considered all of the factors set forth in R.C. 3127.21. Mother's objections to the magistrate's decision and Father's reply to the objections specifically identify and discuss the relevant statutory factors. Although the judgment entry did not clearly state the trial court's findings as to each of the factors, the trial court stated that it carefully and independently reviewed the court's file, which contains the pleadings, the magistrate's decision, and an abundance of relevant evidence.

{¶ 16} Mother points out that the magistrate, in addition to noting that neither parent nor Child lives in Ottawa County, expressly stated that the "Ottawa County

7.

Juvenile Court and the Guardian ad Litem are familiar with child and have a fairly good understanding of the past situation between parents and child's wishes," and that "[t]here is concern that this case would be lost in a transfer and that there would not be oversight on *both* parents and their compliance with the current orders." (Emphasis in original.) In making special reference to these facts, it is clear that the court considered these to be the most relevant factors in rendering its decision, and in doing so, gave the greatest weight to the fact that Child and his parents no longer lived in Ottawa County. We find that in reaching this conclusion, the court did not abuse its discretion, inasmuch as there is nothing to suggest that the court's attitude was unreasonable, arbitrary, or unconscionable.

{¶ 17} Mother argues that she was "significantly prejudiced" by the court's failure to consider R.C. 3127.21(B)(1), the factor that relates to the occurrence of domestic violence. In support of this contention, she relies on the fact that she had obtained a temporary protection order against Father, and that, at one point, a warrant had been issued for him. As indicated in the magistrate's decision and in Father's reply to Mother's objections, however, a final order was never issued in that case, because Father was never properly served. In addition, Father submitted evidence demonstrating that both he and Mother missed the final hearing date in the case, and that the case was subsequently dismissed. Father also pointed out in his reply that he is no longer in a relationship with Mother and that he has never been accused of domestic violence against Child or against anyone else. The court did not abuse its discretion in failing to find in Mother's favor with respect to this factor.

8.

{¶ 18} Looking to R.C. 3127.21(B)(2), which addresses the length of time that the child has resided outside of the state of Ohio, we see that at the time the magistrate's decision issued, the court was aware that Child had lived with Father for less than two years. At the same time, the court was aware that Child had also only briefly lived in Ohio. In fact, the evidence is undisputed that at the time the magistrate's decision was issued, Child had lived in Pennsylvania for a longer period of time than he had ever lived in Ohio. Again, we see no abuse of discretion in failing to find in Mother's favor with respect to this factor.

{¶ 19} R.C. 3127.21(B)(3) concerns the distance between the Ohio court and the court in the state that would assume jurisdiction. In this case it was generally agreed that the distance between the Ottawa County court and the Pennsylvania court was 195 miles. As jurisdiction in either court would necessarily cause one of the two parents to be inconvenienced, the court did not abuse its discretion in failing to find in favor of Mother with respect to this factor.

{¶ 20} R.C. 3127.21(B)(4), which goes to the relative financial circumstances of the parties, would appear to favor Mother, as the evidence unequivocally demonstrated that Father had a full-time job with UPS and Mother had only a seasonal, part-time job on a farm. There is no evidence to suggest, however, that the relative financial circumstances of the parties were so different as to factor strongly in the court's decision. Thus, we find that the trial court did not abuse its discretion in declining to give this factor significant weight.

9.

{¶ 21} R.C. 3127.21(B)(5) is not relevant to this case, as there was no evidence of any agreement of the parties as to which state should assume jurisdiction.

{¶ 22} R.C. 3127.21(B)(6) addresses the nature and location of the evidence required to resolve the pending litigation, including the testimony of the child. The court was aware that Child lives with appellee in Allegheny County, and this circumstance was expressly mentioned in the conclusions of law set forth in the magistrate's decision. We find that the court did not err in giving this factor particular weight when conducting its analysis.

{¶ 23} R.C. 3127.21(B)(7) focuses on the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence. As neither party presented any evidence regarding this factor, the court did not abuse its discretion in failing to address it. *See Witt*, 2d Dist. Clark No. 2012-CA-58, 2013-Ohio-714, ¶ 26 (A trial court "cannot be blamed for failing to consider evidence that a moving party does not submit.").

{¶ 24} Finally, we look to R.C. 3127.21(B)(8), which speaks to the familiarity of the court of each state with the facts and issues in the pending litigation. Again, the magistrate's decision specifically stated that "Ottawa County Juvenile Court and the Guardian ad Litem are familiar with child and have a fairly good understanding of the past situation between parents and child's wishes." Thus, we find that the trial court gave this factor express consideration. That the trial court did not weigh it more heavily was

10.

not an abuse of discretion, and in no way suggested that the court's attitude was unreasonable, arbitrary, or unconscionable.

{¶ 25} Based on the foregoing, we find that, although certain relevant factors favored Pennsylvania as a more convenient forum, and others favored Ohio as more convenient, the trial court acted within its discretion in determining that Ohio is not a convenient forum, and in relinquishing jurisdiction over the matter to Pennsylvania. Therefore, appellant's assignment of error is found not well-taken and denied.

{¶ 26} The judgment of the Ottawa County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J. 

_____
JUDGE

Gene A. Zmuda, P.J. 

Myron C. Duhart, J. 
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.