[Cite as *Pridemore v. Pridemore*, 2021-Ohio-4449.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY


Jamison G. Pridemore                                    Court of Appeals No.  E-21-003

　　　　Appellant                                        Trial Court No.  2019 DR 0065

v.

Audrey Pridemore                                        **DECISION AND JUDGMENT**

　　　　Appellee                                         Decided:  December 17, 2021

* * * * *

Loretta Riddle, for appellant.

Danielle C. Kulik, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} Plaintiff-appellant, Jamison G. Pridemore, appeals the January 19, 2021

judgment of the Erie County Court of Common Pleas, Domestic Relations Division,

finding that Erie County is an inconvenient forum to litigate child custody and other

issues related to the minor children and transferring those issues to the General Court of

Justice District Court, Division Family Court, Wayne County, North Carolina. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On May 23, 2019, Jamison Pridemore filed a complaint for divorce against his wife, Audrey Pridemore, in the Erie County Court of Common Pleas, Domestic Division. Jamison and Audrey are the parents of A.P. (born in 2018), and R.P. (born in 2017). In his complaint, Jamison asked to be named the legal and residential custodian of the children. At the time he filed his complaint, Jamison was residing in Sandusky, Ohio, and Audrey was residing with the children in Pikeville, North Carolina.

{¶ 3} Approximately five months before Jamison filed his complaint for divorce, Audrey filed a complaint for change of custody and motion for emergency temporary custody in the Erie County Court of Common Pleas, Juvenile Division. She alleged that Jamison is physically and verbally abusive, abuses alcohol, had attempted suicide, and was involuntarily committed to a psychiatric unit. Fearing for her and her children's safety, she fled Ohio with her children on December 1, 2018. Audrey was granted emergency temporary custody. Following a probable cause hearing, she maintained custody, but Jamison was permitted monthly supervised visitation, which took place at the Family Visitation Center in Beckley, West Virginia.

{¶ 4} In response to Jamison's complaint for divorce, Audrey moved to dismiss it for lack of jurisdiction and improper venue. She argued that under R.C. 3127.15(A)(1) and (2) and R.C. 3127.18, Wayne County, North Carolina has jurisdiction and is the

2.

proper venue for the matter because she and the children reside there, it is their home state, North Carolina has not declined jurisdiction, and no emergency exists necessitating the removal of the children from her care.

{¶ 5} Jamison responded that the Erie County court has jurisdiction under R.C. 3127.15(A)(1) and (2) because the children resided in Ohio within six months of the commencement of the proceedings, Jamison continues to reside in Ohio, the children had no home state on the date the complaint for divorce was filed because Audrey removed them from Ohio without Jamison's permission, Audrey filed the custody action in Erie County because North Carolina lacked jurisdiction, the parties moved to Ohio together, substantial evidence is available in Ohio, Audrey removed the children from Ohio in order to create jurisdiction in North Carolina, Audrey called police with false reports that led to his *voluntary* evaluation by a mental health professional then left for North Carolina during his hospitalization, Audrey represented that she would be away with the children for only a couple of weeks, and the North Carolina courts lack jurisdiction.

{¶ 6} The juvenile court sua sponte transferred the actions pending before it—relating to the change-of-custody action—to the domestic relations division under R.C. 2151.233 (providing that juvenile court shall not exercise jurisdiction if the determination of custody is ancillary to a pending action for divorce). On September 13, 2019, Audrey filed a motion to transfer the domestic-relations matter to the Wayne County, North Carolina court. She requested that the case be transferred because under R.C. 3127.21, Erie County is an inconvenient forum. She argued that the children have resided out of

3.

state since December 1, 2018; the court is 673 miles (more than ten hours) from the children's home; the children have significant developmental delays and issues with travel, extending the time it takes to travel from North Carolina to Ohio; the "nature and location of evidence" is in North Carolina; no property is left in Ohio to distribute; the witnesses she intends to call—including a health department employee, speech therapist, and employee of Wayne County Action Group for Economic Solvency—are in North Carolina; and no doctors, therapists, counselors, or daycare providers of the children live in Ohio.

{¶ 7} After a hearing on January 16, 2020, the magistrate recommended that the court (1) deny Audrey's motion to dismiss for lack of jurisdiction; (2) deny Audrey's motion to transfer; (3) declare that the court has jurisdiction to make an initial custody determination; (4) declare that the Erie County court is an inconvenient forum to make an initial custody determination and that the court in Wayne County, North Carolina would be a more convenient forum; (5) declare that Jamison's complaint for divorce remains a pending action and that Erie County is a proper forum to rule on divorce, spousal support, equitable division of assets and debts, and allocation of court costs; (6) stay all proceedings related to child-custody determinations for 30 days to allow Audrey to initiate custody proceedings in North Carolina; and (7) proceed with the pending divorce action after the 30-day period.

{¶ 8} On May 12, 2020, Audrey provided notice that she initiated proceedings in North Carolina, attaching a copy of the complaint. On July 1, 2020, Jamison filed

4.

objections to the magistrate's decision, which Audrey opposed. On January 19, 2021, the court entered judgment overruling Jamison's objections, upholding the magistrate's findings and conclusions, and ordering that the divorce action—except matters relating to child custody and other issues relating to the minor children—shall proceed in Erie County. The court observed that it had jurisdiction to determine the custody issues but found that Erie County was an inconvenient forum. It transferred those issues to Wayne County, North Carolina and denied Audrey's motion to transfer for lack of jurisdiction. The court ordered that the initial custody determination would remain in force until the matter is addressed by the North Carolina court.

{¶ 9} Jamison appealed. He assigns the following errors for our review:

ASSIGNMENT OF ERROR NO. I

THE ISSUE OF INCONVENIENT FORUM IS MOOT AND/OR DUE TO COURT'S TRANSFORMATIONS OF HOW HEARINGS ARE HELD DUE TO COVID, INCONVENIENT FORUM NO LONGER APPLIES[.]

ASSIGNMENT OF ERROR NO. II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT THE ERIE COUNTY COMMON PLEAS COURT, DOMESTIC RELATIONS DIVISON [sic] WOULD BE AN INCONVENIENT FORUM FOR CUSTODY ISSUES[.]

5.

## II. Law and Analysis

{¶ 10} Jamison's two assignments of error challenge the trial court's finding that Erie County is an inconvenient forum in which to litigate issues relating to custody of the minor children. He argues in his first assignment of error that courts' widespread use of technology in the wake of the COVID-19 pandemic means that the court's concerns about the convenience of the forum are no longer applicable. In his second assignment of error, Jamison accuses Audrey of forum shopping and contends that Audrey consented to the jurisdiction and forum of the Erie County court by initiating the custody proceedings in the juvenile division. He also refutes the substance of the court's findings that North Carolina is the more convenient forum.

### A. The increased use of technology— necessitated by the COVID-19 pandemic —did not render the trial court's inconvenient forum findings inapplicable.

{¶ 11} In his first assignment of error, Jamison argues that because the COVID-19 pandemic has led courts to utilize remote technology in place of in-person proceedings, the court's concern over the inconvenience of litigating the child-custody issues in Erie County is now moot. Jamison acknowledges that he did not raise this issue in the trial court, but he contends that the issue was not ripe at that time because the inconvenient forum hearing occurred on January 16, 2020—before Ohio declared the state of emergency on March 9, 2020, that eventually prompted courts to seek alternatives to in-person court appearances.

6.

{¶ 12} Audrey responds that the January 19, 2021 judgment is not a final, appealable order. She further maintains that the trial court did not commit plain error in concluding that Erie County is an inconvenient forum for the custody issues here.

{¶ 13} R.C. 3127.21 permits a court to transfer jurisdiction to a court of another state if it determines that the Ohio court is an inconvenient forum and that another state is a more convenient forum. R.C. 3127.21(A). Despite Audrey's assertion to the contrary, "a decision arising from an inconvenient forum motion is a final appealable order." *Kraemer v. Kraemer*, 12th Dist. Butler No. CA2017-08-120, 2018-Ohio-3847, ¶ 12.

{¶ 14} Here, Jamison maintains that courts' use of remote technology has mooted the trial court's concern that Erie County is not a convenient forum for litigating the child-custody issues here. But remote technology has existed for many years. Although it has provided a means for courts to safely operate in the 20 months since Ohio declared a state of emergency, it is not an ideal mode for conducting court proceedings. In fact, at the January 16, 2020 hearing, plaintiff's counsel raised the possibility of utilizing Skype in lieu of witnesses physically appearing in court, and the court informed her that it has not, historically, permitted witnesses to testify via Skype. Despite the fact that public safety concerns forced courts, temporarily, to conduct much of its business remotely, it remains within the discretion of the trial court to decline to exercise jurisdiction in favor of a more convenient forum located in another state. We reject Jamison's assertion that the availability and the recent increased use of remote technology moots or renders

7.

inapplicable the court's finding that Erie County is an inconvenient forum for these proceedings.

{¶ 15} We find Jamison's first assignment of error not well-taken.

### B. The trial court did not abuse its discretion in determining that the child-custody issues should be heard by the North Carolina court.

{¶ 16} In his second assignment of error, Jamison argues that the trial court abused its discretion when it determined that the custody issues should be transferred to North Carolina. He argues, first, that Audrey waived any objection to jurisdiction in Erie County by filing the custody matter in the juvenile division. He disputes that the court was permitted to raise the issue of inconvenient forum itself because "the trial court never filed a motion" and proceeded to a hearing "based solely on [Audrey's] motions." Jamison believes that the timing of the motion to transfer—raised immediately after the custody matters were transferred from the juvenile division to the domestic relations division—demonstrates that she was forum shopping.

{¶ 17} Jamison insists that because of these issues, the trial court should not have undertaken an analysis of forum-convenience factors under R.C. 3127.21. But he also disputes the trial court's findings relative to those factors.

{¶ 18} Audrey ignores Jamison's arguments that she waived any challenge to Erie County's jurisdiction by filing the custody action or that she engaged in forum shopping after the juvenile court transferred the custody matters to the domestic relations division. Her brief focuses on the factors the court considered under R.C. 3127.21.

8.

{¶ 19} Under R.C. 3127.21(A), an Ohio court that has jurisdiction to make a child custody determination "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court." R.C. 3127.21(B) sets forth the factors that the court must consider in determining whether it is appropriate for a court of another state to exercise jurisdiction. We review a trial court's decision concerning the convenience of the forum under an abuse-of-discretion standard. *In re A.O.,* 6th Dist. Ottawa No. OT-20-020, 2021-Ohio-880, ¶ 12.

{¶ 20} We first address Jamison's contention that Audrey waived any argument concerning the convenience of litigating the child-custody issues in Erie County. The trial court rejected this argument, emphasizing that the statute permits the court to find on its own motion that it is an inconvenient forum for determining custody. It found that even if Audrey could waive her own challenge to the forum, she could not waive the court's authority under the statute to raise the issue itself.

{¶ 21} First, we do not believe that Audrey waived her right to ultimately argue that another forum would be more convenient than Erie County. Ohio was the children's home state at the time the Ohio juvenile court action was filed, but by the time she was required to file a pleading responsive to Jamison's complaint, North Carolina had become the children's home state because they had resided there for more than six months. Audrey immediately raised this issue in response to Jamison's complaint. To the extent

9.

that Jamison argues that Audrey was engaging in "forum-shopping"—because she filed her motion to transfer right after the juvenile division transferred the case to the domestic-relations division—Jamison ignores that Audrey's first responsive pleading sought dismissal because "Wayne County, North Carolina is the proper venue * * *."

{¶ 22} Having said this, while Audrey clearly sought to change venue and litigate the child-custody issues in North Carolina, her first motion incorrectly alleged that the Erie County court lacked jurisdiction, and her second motion sought to transfer all aspects of the divorce to North Carolina. The court denied both motions, but before doing so, conducted a hearing at which sufficient information was presented to make a forum-convenience determination under R.C. 3127.21. R.C. 3127.21 permits the court on its own motion to determine that Erie County would be an inconvenient forum and that another forum would be more convenient. We agree with the trial court that even if Audrey could herself waive a challenge to Erie County's venue, she could not circumvent the court's authority to make this determination.

{¶ 23} Turning to the merits of the trial court's decision, Jamison disagrees with the trial court's findings. Under R.C. 3127.21(B), the trial court was required to—and did—consider the following factors in determining whether Erie County was an inconvenient forum and North Carolina a more convenient forum:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

10.

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

{¶ 24} *Domestic Violence*. Audrey testified that Jamison asserted a consistent pattern of abuse and control, much of which was fueled by alcohol. She testified that Jamison had prohibited her from sleeping in the marital bed, forcing her to sleep on the floor while pregnant with A.P.; he attempted to push her down the stairs on September 18, 2018; he was verbally abusive and made degrading comments; he made threats and showed her where he would bury a body; and he forcefully grabbed R.P. from her arms while intoxicated. While Jamison denied that these events occurred, the court expressly found Audrey's testimony more credible. The court also found that since May 2018, when the couple moved to Ohio, Jamison was arrested twice for offenses involving operating a vehicle while intoxicated and for improper possession of a firearm. Jamison

11.

pled guilty to reckless operation for the first offense, and improper use of a firearm and physical control for the second offense. The court concluded that domestic violence has occurred and is likely to continue in the future. We find that the record supports the trial court's findings.

{¶ 25} *Residence Outside the State.* The court found that Jamison and Audrey were married on January 16, 2016 in North Carolina. They were both prior active-duty military. Before entering the military, Jamison resided in Ohio and Audrey resided in North Carolina. Jamison's military duty ended September of 2017; Audrey's ended August 2018. After Audrey completed her military service, they moved to Ohio in May of 2018. Out of fear, she left with the children for North Carolina on December 1, 2018; she notified Jamison on December 2, 2018. She was awarded emergency temporary custody on December 12, 2018. The court concluded that at the time the complaint for divorce was filed, the children had resided outside the state for five months, and by the time of the hearing on Audrey's motions, they had resided outside the state for over a year. We find that the record supports the trial court's findings.

{¶ 26} *Distance between the Ohio and North Carolina Courts.* The court found that travel between the two courts is approximately 10.5 hours, and because of the children's ages, the drive time would be greater and would require more frequent stops. We find that the record supports the trial court's findings.

{¶ 27} *The Relative Financial Circumstances of the Parties.* Both Jamison and Audrey receive disability income following their military service. The court concluded

12.

that neither party would lose income if required to travel for court appearances. We find that the record supports the trial court's findings.

{¶ 28} *Any Agreement of the Parties.* The court found that the parties had not reached an agreement as to which state should assume jurisdiction. We find that the record supports the trial court's finding.

{¶ 29} *The Nature and Location of the Evidence.* The court found that the children have now resided in North Carolina longer than they resided in Ohio. It also found that their medical providers, daycare providers, records, and witnesses are in North Carolina. Jamison points out that his father and local police (located in Erie County) are potential witnesses, especially given the allegations that Audrey has made against him, and argues that the evidence Audrey wishes to present could be done remotely. But this argument works both ways—Jamison or Audrey could seek leave *in North Carolina* to have these witnesses appear remotely. Because the majority of witnesses familiar with the children's needs reside in North Carolina, we find that the record supports the trial court's findings.

{¶ 30} *The Ability of Each Court to Decide the Issues and the Courts' Familiarity with the Facts and Issues.* The court found that the Erie County court is more familiar with the pending litigation, but it also found that the North Carolina court could easily familiarize itself with the facts and issues. We find that the record supports the trial court's findings.

13.

{¶ 31} Based on its resolution of the factors set forth in R.C. 3127.21, the trial court found that both it and the North Carolina court have statutory authority to determine the custody issues here, but it concluded that the Erie County court is an inconvenient forum and North Carolina would be a more convenient forum. We find that the trial court considered all of the relevant factors, the record supports the court's findings, and the trial court did not abuse its discretion in transferring the custody issues and other issues related to the children to the General Court of Justice District Court, Division Family Court, Wayne County, North Carolina. *See In re A.O.,* 6th Dist. Ottawa No. OT-20-020, 2021-Ohio-880, ¶ 13, citing *Walter v. Liu*, 193 Ohio App.3d 185, 2011-Ohio-933, 951 N.E.2d 457, ¶ 18 (8th Dist.) ("[A] court acts within its discretion when it weighs the factors.").

{¶ 32} We find Jamison's second assignment of error not well-taken.

### III. Conclusion

{¶ 33} The availability of remote technology and its recent increased use does not moot or render inapplicable the trial court's findings that it is not a convenient forum and that Wayne County, North Carolina is a more convenient forum to litigate the child-custody issues here. We find Jamison's first assignment of error not well-taken.

{¶ 34} Audrey did not waive her challenge concerning the convenience of litigating custody issues in Erie County and did not engage in forum shopping. The trial court did not abuse its discretion in concluding that Erie County is not a convenient

14.

forum and that Wayne County, North Carolina is a convenient forum. We find Jamison's second assignment of error not well-taken.

{¶ 35} We affirm the January 19, 2021 judgment of the Erie County Court of Common Pleas, Domestic Relations Division. Jamison is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.